JAMES F. McKAY III, Judge.
 

 Lin this auto tort case, the defendant, City of New Orleans, appeals the amount of damages awarded to the plaintiffs, Lou Ann Deroche and Desiree Guillott. We affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 At approximately 2:45 P.M. on March 25, 1991, Lou Ann Deroche was driving a 1987 Oldsmobile and Desiree Guillott was her guest passenger. While stopped at the intersection of 1-610 and Elysian Fields, her vehicle was rear ended by a pickup truck driven by Louis LaTour and owned by the City of New Orleans. The City stipulated that it was liable.
 

 At the time of the accident, Ms. Deroche was already under the care of Dr. John Olsen for severe neck and bilateral shoulder pain and back pain into the buttocks she had from an accident on November 7, 1990. An MRI after that accident showed herniated discs at L4-5 and L5-S 1 and bulging discs at C3-4, C4-5, C5-6 and C6-7. An EMG showed evidence of bilateral L5 nerve root involvement.
 

 | ¡.On April 3, 1991, Ms. Deroche was admitted to Humana Hospital with muscular and nerve pain beginning in her lower back and spreading to both legs. She complained of locking in her back and the inability to move her legs because of pain. She also had pain in her right trapezius and tingling in her right arm with a pulling sensation in the fingers of her right hand. She was in constant discomfort aggravated by standing, sitting, driving, walking, prone lying, bending and squatting. Sometimes her pain would last all day and on a scale of 1 to 10, she rated her pain at an 8. She was in the hospital for three weeks and eventually attended therapy for her neck, back and leg pain. Dr. Daniel Seltzer, who treated her during her hospitalization, believed that she suffered from chondromalacia patellae.
 

 On August 20, 1991, Ms. Deroche saw Dr. Olsen because of back pain radiating into both legs and intermittent neck pain. On November 25, 1991, she was admitted to Methodist Hospital with complaints of headache, cervical pain, numbness of both hands, lumbar pain radiating into both legs, numbness and tingling in both feet, and cramping of her feet. Her discharge diagnosis was symptomatic L4-5 disc rupture with bilateral neuralgia, abnormal EMG’s, chronic back pain and leg pain, and cervical disc syndrome. She stayed in the hospital for nearly two weeks.
 

 On January 3, 1992, Ms. Deroche saw Dr. Raeburn Llewellyn for headaches, cervical pain radiating into both hips and both legs, numbness and tingling in both feet, and a burning sensation in both hips. On exam, he found severe back spasm. |sMs. Deroche saw Dr. Llewellyn again on April 22,1992 with similar symptoms. On exam, he again found back spasm. He also found that the straight leg raise was productive of pain at 40 degrees on the right.
 

 On April 10, 1992, Ms. Deroche saw Dr. Essam Elmorshidy for back pain into her legs, neck pain, pain and crepitus in both knees, and painful clicking in her right knee. Dr. Elmorshidy found spasm in her neck and back. On June 19, 1992, Ms. Deroche saw Dr. Hugo Vietz for continued back pain.
 

 Desiree Guillott sought medical attention from Dr. Mark Sanders. On exam, he
 
 *961
 
 found paraspinal spasm and a resolving ecchymosis under her right eye. His impression was that she had sustained soft tissue injuries to her neck and back. He prescribed Parafon Forte and therapy and asked that Ms. Guillott return in six weeks.
 

 Ms. Deroche and Ms. Guillott filed suit against the City and Mr. LaTour for the damages they sustained as a result of the accident. At trial, the plaintiffs introduced as exhibits the deposition of Dr. Seltzer concerning his treatment of Ms. Deroche. They also introduced medical records from Dr. Olsen, Lakeland Medical Center/Humana Hospital, New Orleans MRI Limited, Dr. Seltzer, Pendleton Memorial Methodist Hospital, Dr. Llewellyn, Dr. Elmorshidy, Dr. Vietz and prescriptions concerning Ms. Deroche. The plaintiffs also introduced the medical records of Dr. Mark Sanders concerning Ms. Guillott. In addition, the plaintiffs introduced as an exhibit a document entitled Plaintiffs’ Bench Book which itemized the plaintiffs’ medical expenses and lost wages.
 

 |/The trial court entered judgment in favor of the plaintiffs and against the defendants. The trial court awarded Ms. Deroche $265,000.00 in general damages plus medical expenses of $25,171.90 together with legal interest from the date of judicial demand until paid plus costs. The trial court awarded Ms. Guillott $10,000.00 in general damages, $500.00 in medical expenses, plus lost wages of $128.00 together with legal interest from the date of judicial demand until paid plus costs. It is from this judgment that the City now appeals.
 

 DISCUSSION
 

 On appeal, the City raises the following assignments of error: 1) the trial court abused its discretion in awarding damages to both plaintiffs pursuant to the Louisiana Supreme Court’s holding in
 
 Youn v. Maritime Overseas Corp.
 
 and erred in finding that all of Lou Ann Deroche’s medical expenses were attributable to the March 25, 1991 accident; and 2) the district court erred in not granting the City’s motion for involuntary dismissal against Desiree Guil-lott for failure to appear at trial in direct contravention of Louisiana Code of Civil Procedure article 1672.
 

 The standard of review for general damage awards was laid out by the Louisiana Supreme Court in
 
 Youn v. Maritime Overseas Corp.,
 
 623 So.2d 1257 (La.1993). That case states:
 

 The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that | ñemerges from
 
 Gaspard v. LeMaire,
 
 245 La. 239, 158 So.2d 149 (1963) through
 
 Coco v. Winston Industries, Inc.,
 
 341 So.2d 332 (La.1976), and through
 
 Reck [v. Stevens,
 
 373 So.2d 498 (La.1979)] to the present case is that the discretion vested in the trier of fact is “great,” and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
 

 Youn
 
 at 1261.
 

 In the instant case, the .trial court evaluated the evidence, including.medical records, before it and awarded $265,000.00 to Ms. Deroche in general damages and awarded $10,000.00 in general damages to Ms. Guillott. Based on Ms. Deroche’s
 
 *962
 
 complaints and the medical records before it, the trial court related her injuries or aggravation of her injuries to the accident which occurred on March 25, 1991 in a general damage award of $265,000.00. The trial court did the same thing when it awarded Ms. Guillott $10,000.00 in general damages. Based on the record before this court, we cannot find the trial court’s awards of general damages to these particular plaintiffs for their particular injuries in this particular circumstance was unreasonable.
 

 With regards to the City’s second assignment of error, we find no abuse of discretion on the part of the trial court. A trial court has much discretion in determining whether to grant a motion for involuntary dismissal.
 
 Lopez v. State, Louisiana Health Care Authority/University Medical Center,
 
 98-577 (La.App. 8 Cir. 10/28/98), 721 So.2d 518. The trial judge must weigh and evaluate all evidence presented in determining whether to grant a motion for dismissal.
 
 Locke v. Sheriff, Parish of Jeffferson,
 
 94-652, 94-658 (La.App. 5 Cir. 12/28/94), 694 So.2d 257.
 

 In the instant case, liability was not at issue. The accident giving rise to the case happened a very long time ago. The plaintiffs were allowed to introduce an exhibit entitled Plaintiffs’ Bench Book, which outlined medical records as well as documented Ms. Guillott’s very small claim for lost wages. Based on the facts of this case, we find no abuse of discretion in the trial court’s refusal to grant the City’s motion for involuntary dismissal.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the judgment of the trial court.
 

 AFFIRMED